# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Marquelle Palmer (#2015-0106145), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 3852 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| Superintendent Martinez, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Marquelle Palmer brought this *pro se* civil right action under 42 U.S.C. § 1983, arising from his alleged inability to purchase commissary items while he was confined to administrative segregation. Before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. For the reasons stated below, Defendant's motion is denied.

## **BACKGROUND**

Plaintiff Marquelle Palmer was booked into Cook County Jail in January 2015. According to Palmer, on January 6, 2015, he was placed in administrative segregation for approximately thirty days. During that time, he allegedly was denied commissary without explanation. Palmer was unable to purchase soap, toothpaste, or deodorant and thus could not perform basic hygiene tasks. He also allegedly missed court deadlines because he could not purchase stamps, paper, pens, or envelopes. As a result, Palmer contends, he was "forced to forfeit what could probably have been a substantial sum of money for his legal action that was dismissed due to missing a court imposed deadline." Superintendent Martinez allegedly was aware of Palmer's inability to make purchases from the commissary because, Palmer says, he spoke with Martinez and filed grievances with Martinez concerning the matter.

An inmate grievance form attached to Palmer's complaint shows that he submitted a grievance concerning his inability to purchase commissary items. Palmer dated the form January 15, 2015, and summarized his complaint as:

> On Jan 8th and Jan 15th which is both days we're supposed to receive canteen, I was refused that right. I was told by numerous Cook County officers who work this wing (Div 10 1A) that although they think it wrong they have to follow orders giving by the Superintendent which include denying the whole wing any supplies.
>
> We are denied pens, writing paper, stamps so we can't contact our lawyers, loved ones or submit legal papers that has deadlines attached to them. Not only can't we have pens, paper or envelopes we also can't buy phone cards to call our lawyers and loved ones.
>
> I'm requesting my commissary privilege be restored.

Dkt. No. 8, Comp. at 10-11. The grievance was designated a "NON-GRIEVANCE (REQUEST)," and the space for the control number was marked "N/A." *Id.* at 10. The responding officer dated the form February 7, 2015. *Id.* The section of the form identified as "INMATE'S REQUEST FOR AN APPEAL" has been crossed out. *Id.*

The grievance form instructs that "[a]n inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving." *Id.* at 11. The form also instructs that "[w]hen a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a 'Control Number' if there has been no response to the request or the request is deemed unsatisfactory." *Id.*

By order dated August 5, 2015, the Court screened Palmer's complaint and allowed it to proceed against Defendant Martinez. Before the Court is Defendant's motion to dismiss Palmer's complaint for failure to exhaust administrative remedies. (Dkt. No. 16, Def.'s Mot. to Dismiss ("Def.'s Mot.").)

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege facts in his complaint that negate an affirmative defense, *Mosley v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006), but a plaintiff can say too much. If a plaintiff alleges facts showing that his claim is defeated by an affirmative defense, dismissal may be appropriate. *See Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009). Likewise, the Court may consider documents attached to the complaint, *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012), and when those documents establish the existence of an affirmative defense, dismissal is appropriate, *see Smuk v. Specialty Foods Grp., Inc.*, No. 13 C 8282, 2015 WL 135098, at *1 (N.D. Ill. Jan. 9, 2015) (explaining that dismissal is proper where materials properly considered on a motion to dismiss demonstrate a failure to exhaust administrative remedies); *see also Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (explaining that dismissal is proper "when a plaintiff's complaint . . . sets out all of the elements of an affirmative defense").

The Prison Litigation Reform Act requires incarcerated persons to exhaust administrative remedies before filing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). Thus, the burden of proof is on the defendant to show that the inmate failed to exhaust. *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011).

**ANALYSIS**

An incarcerated person must take all steps required by the institution's grievance system to properly exhaust administrative remedies. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). That is, the inmate "must file complaints and appeals in the place, and at the time, the [institution's] administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate, however, is required to exhaust only those administrative remedies that are available to him. 42 U.S.C. § 1997e(a). Officials "cannot immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Defendant's argument concerning exhaustion appears to be two-fold. First, Defendant points to the inmate grievance form attached to Palmer's complaint and argues that Palmer did not exhaust administrative remedies because he did not re-submit the form after he failed to receive a response to his initial submission within 15 days. Def. Mot. at 4. Defendant contends that the instructions on the form required Palmer to re-submit the form to properly exhaust administrative remedies. *Id.* The instruction referenced by Defendant provides:

> When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the request is deemed unsatisfactory.

*Id.* Accepting as true that Palmer submitted his grievance form on January 15, 2015, then, according to Defendant, he was required to re-submit the form after January 30, 2015, to have the form classified as an actual grievance. *See id.*

Defendant's argument ignores the first instruction on the form: "An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving." Dkt. No. 8, Comp.

4

at 11. Materials properly under consideration at this juncture show that Palmer submitted a grievance form on January 15, 2015. The materials do not show who designated Palmer's submission as a "non-grievance (request)" or when Palmer was informed of the designation. Palmer therefore could have believed that he had properly submitted an actual grievance and that re-submission was not necessary.

Moreover, even if Palmer had re-submitted the form in compliance with the instruction—*i.e.*, <u>after</u> 15 days if there has been no response to the request or the request is deemed unsatisfactory—the re-submitted grievance would have been untimely. Palmer did not receive a response to his submission within 15 days; the response was dated February 7, 2015. *See id.* Thus, even if Palmer had known of the non-grievance designation, the earliest date on which he could have resubmitted the grievance to obtain a control number was January 31, 2015. But that was too late to timely grieve the denial of commissary on January 8 and January 15. The jail's exhaustion procedures therefore placed Palmer in a situation where it was impossible to comply with the instructions and still timely exhaust administrative remedies. This is exactly the type of situation where administrative remedies have been deemed unavailable. *See Harper v. Dart*, No. 14 C 1237, 2015 WL 3918944, at *6 (N.D. Ill. June 24, 2015) (finding administrative remedy unavailable at Cook County Jail where "if an inmate were to stick to the language of the grievance form and wait to refile until *after* fifteen days had passed, his refiled complaint would be untimely") (emphasis in original).

Defendant next argues that Palmer failed to exhaust his administrative remedies because he failed to appeal the response to his grievance, Def.'s Mot. at 4, but the appeal section of the grievance attached to Palmer's complaint had been crossed off with a large "X." *See* Dkt. No. 8,

Comp. at 10. Palmer says the grievance appeared this way when it was returned to him, Pl. Resp. to Def.'s Mot. at 1, and Defendant does not dispute this contention. An inmate could reasonably believe that an "X" through the appeal section meant he did not have to submit an appeal or that an appeal was not available. Consequently, given the instructions and the response received by Palmer to his January 15, 2015 grievance, it was unclear (at best) whether any steps remained in the administrative process. *See Munoz v. Dawalibi*, No. 14 C 0601, 2015 WL 719373, at *6 (N.D. Ill. Feb. 18, 2015) (finding that inmate exhausted administrative remedies when his grievances were processed as requests, he did not refile to get a control number, and the appeal section of his non-grievance request had been crossed out). This is true whether Palmer's complaint was classified as a non-grievance request or an actual grievance.[1]

It was Defendant's burden to establish that Palmer failed to exhaust the administrative remedies that were available to him. An administrative remedy, however, "is not available if it is 'hopelessly unclear whether any administrative remedy remained open for the [inmate].'" *Harper*, 2015 WL 3918944, at *7 (quoting *Westerfer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005)). Defendant failed to establish that the procedures he believes Palmer failed to exhaust were, in fact, available. Moreover, given the procedural posture in which Defendant's motion was presented—as a motion to dismiss rather than a motion for summary judgment—the Court cannot conclude that a *Pavey* hearing is necessary at this time. Indeed, the facts relied on by the Court are undisputed at this juncture. Accordingly, Defendant's motion to dismiss is denied.

---

[1] Palmer argues that the document attached to his complaint received a control number and therefore was not classified as a non-grievance. Palmer identified that number as 20140902229. While Defendant neither confirms nor denies Palmer's contention, the number appears to be in the format of an inmate identification number rather than a control number. *Compare, e.g., Munoz,* 2015 WL 719373, at *2-3 (listing grievance control number as 2012 X 7612, 2013 X 3127, and 2013 X 5781) *with* Palmer inmate identification number 20150106145. But the significance of the number is not relevant to the Court's analysis because the section for inmate appeals was crossed out. Thus, whether the document was designated a grievance or non-grievance, it appears that an appeal of the response was not available to Palmer.

## **CONCLUSION**

Defendant's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies [16] is denied. Status hearing scheduled for April 28, 2016, is continued to May 5, 2016, at 9:00 a.m.

Date: April 11, 2016                                     Judge ROBERT W. GETTLEMAN